1  J. Andrew Coombs (SBN 123881)
   *andy@coombspc.com*
2  Nicole L. Drey (SBN 250235)                    JS-6
   *nicole@coombspc.com*
3  J. Andrew Coombs, A P. C.
   517 East Wilson Avenue, Suite 202
4  Glendale, California 91206
   Telephone:  (818) 500-3200
5  Facsimile:  (818) 500-3201

6  Attorneys for Plaintiff Twentieth
   Century Fox Film Corporation
7
   Davis Chung
8  6749 North Artesian Avenue #1B
   Chicago, IL 60645
9
   Defendant, *in pro se*
10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                                    )
   Twentieth Century Fox Film Corporation, )  Case No. CV10-00820 SJO (MANx)
14                                    )
                    Plaintiffs,       )
15                                    )  FINAL      JUDGMENT      AND
          v.                          )  PERMANENT INJUNCTION
16                                    )
   Davis Chung, and Does 1 through 10, )
17 inclusive,                         )
                                      )
18                  Defendants.       )
19 ─────────────────────────────────── )

20
21        The Court, having read and considered the Joint Stipulation for Entry of

22 [Proposed] Final Judgment and Permanent Injunction that has been executed on

23 behalf of Plaintiff Twentieth Century Fox Film Corporation ("Plaintiff"), on the one

24 hand, and Defendant Davis Chung ("Defendant"), on the other hand, and good cause

   appearing therefore, hereby:
25

26
   / / /
27

28

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338.  Service of process was properly made against Defendant.

2.    Plaintiff owns  or controls the copyright or pertinent exclusive right to distribute or license the distribution of home video and digital products, including home cassettes (VHS) as well as optical discs, including, but not limited to, video compact discs (VCDs), digital versatile discs (DVDs) and Blu-ray discs (collectively "Media Products") incorporating the motion picture or television titles subject to the copyright registrations listed in Exhibit "A" attached hereto and incorporated herein by this reference (collectively referred to herein as "Plaintiff's Works").

3.    Plaintiff has alleged that Defendant has made unauthorized uses of Plaintiff's Works or substantially similar likenesses or colorable imitations thereof.

4.    Plaintiff is entitled to, and shall recover from Defendant on Plaintiff's Complaint for Defendant's infringement, the sum of One Hundred Fifty Thousand Dollars ($150,000.00).

5.    This Final Judgment and Permanent Injunction may not be discharged via any foreign or domestic bankruptcy law.  Defendants' copyright and trademark infringement constituted willful and malicious injury to Plaintiffs as contemplated by 11 U.S.C. § 523(a)(6).

6.    Defendant and his agents, servants, employees, representatives, successors and assigns, and all persons, firms, corporations or other entities in active concert or participation with him who receive actual notice of the Injunction are hereby restrained and permanently enjoined from infringing – directly, contributorily or vicariously – or enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, authorizing, aiding or abetting, materially contributing to, or persuading anyone to infringe in any manner Plaintiff's Works, including, but not limited to, the following:

a.   Copying, reproducing, downloading, distributing, uploading, linking to, transmitting, or publicly performing, or using trademarks, trade names or logos in connection with unauthorized Media Products containing any of Plaintiff's Works;

b.   Enabling, facilitating, permitting, assisting, soliciting, encouraging, abetting, or inducing any person or entity to copy, reproduce, download, distribute, upload, link to, transmit, or publicly perform any of Plaintiff's Works; or

c.   Profiting from the unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of Plaintiff's Works while declining to exercise a right to stop or limit such unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of Plaintiff's Works.

7.   In the event of Defendant's default or failure to perform under the terms, conditions, or obligations required on his part to be performed pursuant to the terms of the Settlement Agreement, Plaintiff is entitled to, and shall recover from Defendant, its actual attorneys' fees, costs and expenses incurred after the date hereof relative to or in connection with enforcing, executing on, collecting on or confirming this Judgment according to proof.  The Court hereby retains jurisdiction to award such attorneys' fees, costs and expenses upon motion or application by Plaintiff or its counsel.

8.   The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Final Judgment and Permanent Injunction.

9.   This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

10.     The Court finds there is no just reason for delay in entering this Final Judgment and Permanent Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Final Judgment and Injunction against Defendant.

11.     Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

THE CLERK IS DIRECTED TO ENTER THIS JUDGMENT FORTHWITH. IT IS SO ORDERED this 3rd day of February, 2011.

DATED:                2/3/11

_____

Hon. S. James Otero
Judge, United States District Court
for the Central District of California

PRESENTED BY:

J. Andrew Coombs, A Prof. Corp.

By: _____
          J. Andrew Coombs
          Nicole L. Drey
Attorneys for Plaintiff Twentieth
Century Fox Film Corporation

Davis Chung

By: _____
          Davis Chung
Defendant, *in pro se*

1

**EXHIBIT A**

2

| Titles | Copyright Registration No. |
|---|---|
| 500 Days of Summer | PA0001635709 |
| Adam | PA0001636677 |
| Aliens in the Attic | PA0001636719 |
| All About Steve | PA0001641362 |
| Alvin and the Chipmunks 2 | PA0001590098 |
| Australia | PA0001611264 |
| Avatar | PA0001653536 |
| Better Off Ted (TV Series) | compilation |
| Bones (TV Series) | compilation |
| Dollhouse (TV Series) | compilation |
| Earth Stood Still | PA0001599510 |
| I Love You Beth Cooper | PA0001634880 |
| Ice Age 3 : Dawn of the Dinosaurs | PA0001632003 |
| Jennifer's Body | PA0001643117 |
| Marley and Me | PA0001613603 |
| My Life in Ruins | PA0001630377 |
| Night at the Museum 2 | PA0001627568 |
| Post Grad | PA0001641363 |
| Rebound | PA0001610737 |
| Slumdog Millionaire | PA0001610603 |
| Sons of Anarchy (TV Series) | compilation |
| Street Fighter Legend of Chun Li | PA0001619422 |
| Taken | PA0001616594 |
| X-Men Origins: Wolverine | PA0001624736 |